The beneficiary of an industrial life insurance policy brings this suit for $500, the principal sum thereof. The defense as outlined in defendant's answer, though articulate in form, was in the nature of a general denial.
There was judgment below in favor of plaintiff and defendant has appealed.
The case, as argued and briefed in this court, involves only the sufficiency of the proof of the death of the insured. We are requested to remand the case in order that further proof might be administered on this point.
Plaintiff's father, Cecil Augustus Wagner, was a seaman on the S.S. Sixeola, which was torpedoed on June 12, 1942, when twenty-eight members of its crew of eighty-six were lost. Wagner has not since been heard from.
On June 25, 1942, Lucille Wagner, the plaintiff's mother and the insured's wife, received a telegram from Admiral Waesche, Commandant of the United States Coast Guard, reading as follows:
"The Navy Department deeply regrets to inform you that your husband Cecil Wagner is missing following action in the performance of his duty and in the service of his Country. The Coast Guard appreciates your great anxiety and will furnish you further information promptly when received to prevent possible aid to our enemies please do not divulge the name of his ship".
On December 2, 1942, another letter was received from the Coast Guard, signed by one C.W. Sanders, advising her as follows:
"There were fifty-eight survivors from this vessel, and I regret to advise that twenty-nine members of the crew, including Mr. Wagner, were reported missing. Due to the length of time and the circumstances of the attack, these missing crew members are presumed lost."
The Maritime War Emergency Board found, after an investigation, that the missing seamen who were on board the S.S. Sixeola at the time of its sinking, were presumably dead.
On the 18th of August, 1942, the United States Treasury issued a warrant to the order of Wagner's widow in the sum of $5,150, $150 of which was for the loss of Wagner's personal effects, and the remainder, war risk insurance.
On September 26, 1943, the American Legion issued its Gold Star Citation to Wagner's next of surviving kin.
The basis of defendant's request for the remand of the case is a statement made by Lucille Wagner while on the stand, that on June 15th, she had received a letter from her husband written from Cristobal, concerning which she replied, "but I guess according to the telegram he was already dead when I received the letter." *Page 757 
We are of the opinion that the circumstantial evidence is sufficient to justify the conclusion that the insured is dead. Death, like any other fact, may be proved by circumstantial evidence. Boyd v. New England Mutual Life Ins. Co., 34 La.Ann. 848.
For the reasons assigned the judgment appealed from is affirmed.
Affirmed.